UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARCHITECTURAL SYSTEMS, INC., | |
| Plaintiff, | **MEMORANDUM & ORDER** |
| | 08 Civ. 10812 (LBS) |
| v. | |
| DANIEL MITCHELL and EXOTECO LLC, | |
| Defendant. | |

SAND, J.

Plaintiff Architectural Systems, Inc. ("ASI") brought an action for breach of contract, unjust enrichment and fraud against Defendants Daniel Mitchell and Exoteco LLC seeking compensatory damages, interest and costs of suit and any further relief this Court deems appropriate. A default judgment was entered against Exoteco LLC on January 6, 2010 in the amount of $103, 758.80. Defendant Mitchell appearing *pro se* now moves for summary judgment on the only remaining count, the fraud claim. For the following reasons, Mitchell's motion for summary judgment is granted.

**I.   Background**

ASI, a New York corporation, is a provider of architectural services. Exoteco, an Iowa corporation, is a distributor of flooring surfaces. Mitchell is the managing member and owner of Exoteco. In 2007, Mitchell met with ASI in New York on behalf of Exoteco. Exoteco and ASI entered into an agreement for the sale of over 21,000 square

1

feet of flooring on September 19, 2007.  (Jackson Dec. Ex. A.)  The agreement, which is reflected in Purchase Order 47829, states that the agreed upon price is $84, 684.60, with sixty percent of the price to be paid as a deposit.  (Jackson Dec. Ex. A.)  ASI paid Exoteco a deposit of $50,810.76 that day.  (Jackson Dec. ¶ 6.)  The flooring was to be shipped within forty-five days of the order.  (Jackson Dec. Ex. A.)  ASI placed an order for an additional 23,616 square feet of flooring on October 3, 2007.  Purchase Order 47929 reflects this order with the agreed upon price of $73,209.60.  (Jackson Dec. Ex. C.)  ASI paid Exoteco a deposit of $43,925.76, and once again the flooring was to ship within forty-five days.  (Jackson Dec. Ex. C.)  ASI alleges that it then paid the balance of both purchase orders prior to receipt of the goods, based on Mitchell's representations that the goods were ready for shipment.  (Compl. ¶¶ 12, 15.)  ASI alleges that it never received the goods or a refund of any of the money paid.  (Compl. ¶¶ 17, 18.)

Shortly after meeting with ASI in New York, Mitchell began to serve a prison sentence for bankruptcy fraud.  (Def. Summ. J. 2.)  Mitchell was incarcerated from October 22, 2007 to October 16, 2008.  (Def. Summ. J. 2.)

## II.     Standard of Review

A court may only grant a motion for summary judgment if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The court looks to the substantive law to identify which facts are material; only disputes over facts that might affect the outcome of the suit under the governing law will preclude summary judgment.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kinsella v. Rumsfeld*, 320 F.3d 309, 311 (2d Cir. 2003).  An issue

is genuine if "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249.

**III.    Analysis**

ASI alleges that Mitchell committed fraud because he knew at the time he met with ASI that Exoteco was not in a position to perform the contract.  To state a claim for fraud under New York law,[1] the plaintiff must establish "(1) a material misrepresentation or omission of fact (2) made by defendant with knowledge of its falsity (3) and intent to defraud; (4) reasonable reliance on the part of the plaintiff; and (5) resulting damage to the plaintiff."  *Crigger v. Fahnestock and Co., Inc.*, 443 F.3d 230, 234 (2d Cir. 2006); *see also Kaye v. Grossman*, 202 F.3d 611, 614 (2d Cir. 2000).  As a general matter, "[a] promise made with a 'preconceived and undisclosed intent not to perform it' may properly form the basis of a fraud-based claim, because it is an allegation of present fact, rather than future intent."  *Lehman v. Garfinkle*, No. 08 Civ. 9385 (SHS), 2009 WL 2973207, at *9 (S.D.N.Y. Sept. 16, 2009) (*quoting Deerfield Communications Corp. v. Chesebrough-Ponds, Inc.*, 68 N.Y.2d 954, 956 (1986)).  However, under New York law an intentionally false statement by a party indicating its intent to perform on a *contract* is insufficient to support a claim of fraud.  *Bridgestone/Firestone, Inc. v. Recovery Credit Services, Inc.*, 98 F.3d 13, 19 (2d Cir. 1996).  This rule prevents parties from converting breach of contract claims into fraud claims based on allegations that the party did not intend to fulfill contractual obligations.  *Osan Ltd. v. Accenture LLP*, 454 F. Supp. 2d 46, 52 (E.D.N.Y. 2006).

ASI alleges fraud because (1) Mitchell was already a convicted felon at the time he met with ASI's president; (2) he knew he was going to prison in a few weeks; (3)

---

[1] The parties do not dispute that New York law applies to this diversity action.

Exoteco never delivered the goods; and (4) ASI was damaged because it had to purchase the goods again and, thus, paid double. (Pl.'s Opp. Summ. J. 8.) Based on these undisputed facts, ASI alleges that Mitchell knew "that Exoteco would not be in a position to perform." (Pl.'s Opp. Summ. J. 8.) The fact that Mitchell was going to jail does not establish that he knew that the corporation would cease to operate or be unable to perform the contract. Four individuals were left in charge of the corporation when he went to prison. However, even if Mitchell knew at the time that he entered the contract that Exoteco would not be able to perform the contract because Mitchell would be in prison, these allegations do not establish fraud. A misrepresentation as to that party's intention to perform the contract is not sufficient to support a claim of fraud under New York law. *Bridgestone/Firestone*, 98 F.3d at 19; *Osan*, 454 F. Supp. 2d at 52. ASI has not established a *prima facie* case of fraud.[2]

ASI also argues that this motion is premature because discovery has not been conducted. The Court of Appeals for the Second Circuit has a strong preference for affording the non-moving party the opportunity to conduct discovery prior to granting a motion for summary judgment. *Hellstrom v. U.S. Dept. of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000); *see also Sutera v. Schering Corp.*, 73 F.3d 13, 18 (2d Cir. 1995). However, "[r]equests for discovery in the face of motions for summary judgment put forth by parties who were dilatory in pursuing discovery are disfavored," especially where the party "has offered very little in the way of support for its claim that its access

---

[2] Nor can ASI establish a claim for fraud based solely on Mitchell's failure to disclose his conviction and impending imprisonment. The failure to disclose his conviction must be a material omission. *Highlands Ins. Co. v. PRG Brokerage, Inc.*, No. 01 Civ. 2272 (GBD), 2004 WL 35439, at *4 (S.D.N.Y. Jan. 6, 2004) ("Even assuming the truth of the[] allegations [regarding the failure to disclose a prior felony conviction and lack of a broker license], they are not material to the injury about which [plaintiff] complains."). ASI only alleges that the conviction is material in so far as it demonstrates that Mitchell never intended to perform the contract.

to discovery was denied or diligently pursued." *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1139 (2d Cir. 1994).

ASI has not previously requested a stay for discovery or sought out discovery in any way. ASI alleges that discovery was postponed while the parties resolved the issue of the default judgment against Exoteco, although ASI does not explain why discovery was not pursued during that time. An order for entry of default was signed on August 26, 2009, weeks before ASI filed its opposition to the motion for summary judgment. However, instead of pursuing discovery at that time, ASI merely objected to the summary judgment motion as premature. *See Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 927-28 (2d Cir. 1985) ("[W]hen alerted to a forthcoming motion for summary judgment, a party wanting more time for discovery should seek, through negotiation with the other party and, if necessary, through application to the district court, an appropriate discovery schedule. A party who both fails to use the time available and takes no steps to seek more time until after a summary judgment motion has been filed need not be allowed more time for discovery absent a strong showing of need."); *Desclafani v. Pave-Mark Corp.*, No. 07 Civ. 4639 (HBP), 2008 WL 3914881 at *8 (S.D.N.Y. Aug. 22, 2008) ("At no time did plaintiff request additional time to oppose the Moving Defendants' motion on the ground that it needed additional time for discovery, which is the typical practice suggested by the case law.").

ASI does not put forth any concrete showing of what it may obtain through discovery to supports its claim. ASI asserts that it seeks discovery, including interrogatories and documents, specifically information relating to the four individuals who Mitchell claims controlled the business while he was imprisoned. This information

would demonstrate whether or not the contract could be performed in Mitchell's absence; it would not establish a claim of fraud. Given ASI's failure to pursue discovery or demonstrate a strong showing of need, we find that the instant motion is not premature.

## IV.    Conclusion

Defendant Mitchell's motion for summary judgment is granted. The Clerk of Court is directed to close the case.

**SO ORDERED.**

Dated: March 24, 2010
New York, NY

_____
U.S.D.J.